1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   EARNEST S. HARRIS,                    Case No.  1:24-cv-00389-BAM (PC)

12              Plaintiff,                 ORDER DIRECTING CLERK OF COURT TO
                                           RANDOMLY ASSIGN DISTRICT JUDGE TO
13        v.                               ACTION

14   CEBALLOS,                             FINDINGS AND RECOMMENDATIONS TO
                                           DISMISS ACTION, WITH PREJUDICE, FOR
15              Defendant.                 FAILURE TO STATE A CLAIM, FAILURE
                                           TO OBEY COURT ORDER, AND FAILURE
16                                         TO PROSECUTE

17                                         (ECF No. 8)

18                                         **FOURTEEN (14) DAY DEADLINE**

19

20   I.    **Background**

21         Plaintiff Earnest S. Harris ("Plaintiff") is a former state prisoner proceeding *pro se* and *in*

22   *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

23         On October 4, 2024, the Court screened the complaint and found that it failed to comply

24   with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C.

25   § 1983.  (ECF No. 8.)  The Court issued an order granting Plaintiff leave to file a first amended

26   complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly

27   warned Plaintiff that the failure to comply with the Court's order would result in a

28   recommendation for dismissal of this action, with prejudice, for failure to obey a court order and

                                           1

1  for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise

2  communicate with the Court, and the deadline to do so has expired.

3  **II.    Failure to State a Claim**

4  **A.    Screening Requirement**

5  The Court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

8  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

9  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

10  A complaint must contain "a short and plain statement of the claim showing that the

11  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

12  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

14  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

15  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

16  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

17  To survive screening, Plaintiff's claims must be facially plausible, which requires

18  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

19  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

20  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

21  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

22  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

23  **B.    Plaintiff's Allegations**

24  Plaintiff is currently out of custody and alleges the events in the complaint occurred while

25  Plaintiff was housed at California State Prison – Corcoran in Corcoran, California.  Plaintiff

26  names I. Ceballos as the sole defendant.

27  In claim 1, Plaintiff alleges a violation of the Eighth Amendment.  Plaintiff alleges that on

28  October 15, 2018, when Defendant I. Ceballos was passing out dinner, I. Ceballos tried to serve

2

1    Plaintiff with a cross contaminated food tray.  Plaintiff told Defendant that Plaintiff did not want

2    that messy food tray and that Title 15 states that you are supposed to exchange the food tray if

3    something is wrong with the tray.  Plaintiff also told Defendant that Plaintiff had 602 the cross

4    contaminated messy food tray and his supervisors agreed that he had to exchange the food tray if

5    something is wrong with the food on the food tray.  I. Ceballos became angry, yelling at Plaintiff

6    to take the food tray.  Plaintiff said that he knew that Defendant had done something to the food

7    and Plaintiff had gotten sick from eating food that Defendant had prepared and passed out.

8    Defendant shoved the food tray through the food port on the cell door.  Plaintiff pushed the food

9    tray back and said he did not want the food tray.  I. Ceballos took the food tray and threw it in at

10   Plaintiff, causing a bruise on Plaintiff's thumb and along Plaintiff's fingernail on the outer and

11   inner nail.  The tray struck Plaintiff on the forearm.  CDCR documented his injuries three weeks

12   later.

13        In claim 2, Plaintiff alleges retaliation by I. Ceballos for Plaintiff filing a 602 against him.

14   Plaintiff alleges, "Ivan Ceballos would threaten me about filing 602s against him and about the

15   incident with the food tray.  I don't want I. Ceballos escorting me, or feeding me."

16        As remedies, Plaintiff seeks punitive damages.  Plaintiff also asks the Court to order the

17   prison to develop a petition form where incarcerated persons can file criminal charges with the

18   District Attorney.

19        **C.    Discussion**

20        Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

21   state a cognizable claim under 42 U.S.C. § 1983.

22                    **1.    Federal Rule of Civil Procedure 8**

23        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

24   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

25   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

26   of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

27   (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

28   claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

1    at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*

2    *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

3        Here, Plaintiff's complaint is short, but not a plain statement of his claims.  As explained

4    below, Plaintiff must set forth factual allegations so that the Court may determine if Plaintiff

5    plausibly states an excessive force claim.  If Plaintiff files an amended complaint, it should be a

6    short and plain statement of his claims, and must include factual allegations identifying what

7    happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

8                    **2.        Eighth Amendment – Excessive Force**

9        The Eighth Amendment protects prisoners from inhumane methods of punishment and

10   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

11   2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual

12   Punishments Clause of the Eighth Amendment.  *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

13   (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must

14   provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

15   *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

16       When prison officials stand accused of using excessive force, the core judicial inquiry is

17   ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or

18   maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992);

19   *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).  Not "every malevolent touch by a prison guard

20   gives rise to a federal cause of action."  *Id.* at 9.  De minimis uses of physical force do not violate

21   the constitution provided that the use of force is not of a sort "repugnant to the conscience of

22   mankind."  *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97,

23   106 (1976).

24        The "malicious and sadistic" standard, as opposed to the "deliberate indifference"

25   standard applicable to most Eighth Amendment claims, is applied to excessive force claims

26   because prison officials generally do not have time to reflect on their actions in the face of risk of

27   injury to inmates or prison employees.  *See Whitley*, 475 U.S. at 320–21.  In determining whether

28   force was excessive, the court considers the following factors: (1) the need for application of

4

1  force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of

2  force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts

3  made to temper the severity of a forceful response.  *See Hudson*, 503 U.S. at 7.  The absence of an

4  emergency situation is probative of whether force was applied maliciously or sadistically.  *See*

5  *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).  Finally, because the use of

6  force relates to the prison's legitimate penological interest in maintaining security and order, the

7  court must be deferential to the conduct of prison officials.  *See Whitley*, 475 U.S. at 321-22.

8      Plaintiff fails to state a cognizable claim for excessive force against Defendant.  Plaintiff

9  fails to state any factual allegations that plausibly allege that Defendant acted "sadistically and

10  maliciously" to cause harm.  Plaintiff's allegations are insufficient.  In addition, the alleged

11  harm/injury is de minimis.  Although a significant or serious injury is not necessary to state a

12  claim for relief, the bruise on Plaintiff's thumb and along Plaintiff's fingernail was de minimis

13  and insufficient to substantiate allegations that I. Ceballos acted with sadistic, malicious intent to

14  cause harm . *See Hudson*, 503 U.S. at 7–10; *see also Harris v. Parks*, No. 1:19-cv-00429-JLT-

15  HBK (PC), 2022 WL 2110748, at *5 (E.D. Cal. June 10, 2022), findings and recommendations

16  adopted, 2022 WL 2488454 (E.D. Cal. July 6, 2022) (where plaintiff purportedly received a

17  laceration, unspecified bone pain, and bruises when his clothing was cut off with a pair of

18  scissors, the injuries did not substantiate a claim of malicious or sadistic use of force because

19  there was no allegation "that the force used was gratuitous or without reason").

20          **3.      First Amendment – Retaliation**

21      Allegations of retaliation against a prisoner's First Amendment rights to speech or to

22  petition the government may support a 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th

23  Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

24  *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

25  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

26  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

27  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

28  not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–

1    68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim*

2    *v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

3         Adverse action taken against a prisoner "need not be an independent constitutional

4    violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114

5    (internal citations omitted). A causal connection between the adverse action and the protected

6    conduct can be alleged by an allegation of a chronology of events from which retaliation can be

7    inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison

8    officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege

9    either a chilling effect on future First Amendment activities, or that he suffered some other harm

10   that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the

11   action did not reasonably advance a legitimate correctional goal by alleging, in addition to a

12   retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were

13   "unnecessary to the maintenance of order in the institution." *Id.*

14        Plaintiff fails to state a cognizable claim. Plaintiff has failed to allege the facts for each of

15   the elements of a claim for retaliation. Plaintiff's allegations are conclusory as to any protected

16   conduct he in engaged in or fails to allege he engaged in protected conduct. Plaintiff fails to

17   allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably

18   advance a legitimate correctional goal.

19             **4.     Statute of Limitations**

20        Plaintiff's complaint may be untimely. Section 1983 does not contain its own limitations

21   period. The appropriate period is that of the forum state's statute of limitations for personal

22   injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), superseded by statute on other

23   grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377–78 (2004);

24   *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Usher v. City of Los Angeles*, 828

25   F.2d 556, 561 (9th Cir. 1987) (articulating uniform rule of *Wilson*'s retroactive effect). In the

26   event the state has multiple statutes of limitations for different torts, courts considering § 1983

27   claims should borrow the general or residual statute for personal injury actions. *See Silva v.*

28   *Crain*, 169 F.3d 608, 610 (9th Cir. 1999). In California, the general residual statute of limitations

1    for personal injury actions is the two-year period set forth at California Civil Procedure Code §

2    335.1 and is the applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945,

3    954 (9th Cir. 2004); *see also Silva*, 169 F.3d at 610 (limitations period for filing § 1983 action in

4    California governed by residual limitations period for personal injury actions in California, which

5    was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code §

6    335.1 (current codification of residual limitations period, which is now two years; enacted in

7    2002).

8         It is federal law, however, that determines when a cause of action accrues and the statute

9    of limitations begins to run in a § 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007);

10   *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).  Under federal law, a claim generally

11   accrues when the plaintiff knows or has reason to know of the injury which is the basis of the

12   action.  *See TwoRivers*, 174 F.3d at 991–92.  "A cause of action accrues 'even if the full extent of

13   the injury is not then known.'"  *Gregg v. State of Hawaii DPS*, 870 F.3d 883, 887 (9th Cir. 2017)

14   (quoting *Wallace*, 549 U.S. at 391)).  Accrual starts when the plaintiff can know that the injury

15   was caused by defendants' actions.  *Id.* at 889 (finding accrual when plaintiff knew, or could

16   know through reasonable diligence, that her emotional discomfort was caused by defendant's

17   improper conduct in therapy).

18        A federal court must give effect to a state's tolling provisions.  *See Hardin v. Straub*, 490

19   U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419–20 (9th Cir. 1986).  The statute of

20   limitations begins to run immediately after the recognized disability period ends.  *See Cabrera*,

21   159 F.3d at 378-79 (following California Law).  In California, imprisonment qualifies as a

22   disability that tolls the statute of limitations for two years when a person is "imprisoned on a

23   criminal charge, or in execution under the sentence of a criminal court for a term of less than for

24   life." See Cal. Civ. Proc. Code § 352.1(a).  Thus, an inmate has four years to bring a § 1983 claim

25   for damages in California, i.e., the regular two-year period under section 335.1 plus two years

26   during which accrual was postponed due to the disability of imprisonment.

27        Plaintiff alleges that the injury occurred on October 15, 2018, but he did not file this

28   action until April 24, 2024, more than four years later.  However, Plaintiff may be entitled to

7

1  tolling while he pursued exhaustion of administrative remedies.  At this time, the Court will not

2  screen based upon the statute of limitations.  However, the statute of limitations may be raised at

3  a later, appropriate time in the case.

### 5.    Criminal Prosecution of Defendant

5  Plaintiff has no constitutional right to have another person criminally prosecuted.  *See*

6  *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially

7  cognizable interest in the prosecution or nonprosecution of another").  Criminal statutes generally

8  do not provide a private cause of action or a basis for civil liability.  *See*, *e.g*., *Aldabe v. Aldabe*,

9  616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action

10  and cannot form basis for civil suit).  When a criminal statute is violated, the question of whether

11  to prosecute and what criminal charges to file or bring are decisions that generally rest in the

12  discretion of the prosecutor, not the Court.  *United States v. Batchelder*, 442 U.S. 114, 124

13  (1979).  Plaintiff therefore fails to state any cognizable claims based on defendant's alleged

14  violation of California criminal statutes and he does not have a right to criminally prosecute any

15  defendant.

### 6.    Injunctive Relief

17  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

18  Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is

19  narrowly drawn, extends no further than necessary to correct the violation of the Federal right,

20  and is the least intrusive means necessary to correct the violation of the Federal right."  In cases

21  brought by prisoners involving conditions of confinement, any injunction "must be narrowly

22  drawn, extend no further than necessary to correct the harm the court finds requires preliminary

23  relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

24  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond

25  maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a

26  preliminary injunction and should not grant such relief unless the facts and law clearly favor the

27  plaintiff."  *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir.

28  1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

1          **7.     Title 15 and Policy Violation**

2                   To the extent that Defendant has not complied with applicable state statutes or prison

3    regulations/policies, these deprivations do not support a claim under § 1983.  Section 1983 only

4    provides a cause of action for the deprivation of federally protected rights.  *See*, e.g., *Nible v.*

5    *Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of

6    Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th

7    Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right);

8    *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8,

9    2013) (noting that several district courts have found no implied private right of action under title

10   15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred.");

11   *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009)

12   (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code

13   of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL

14   1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under

15   Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM

16   PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted,

17   No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

18   **III.    Failure to Prosecute and Failure to Obey a Court Order**

19          **A.     Legal Standard**

20                  Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

21   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

22   within the inherent power of the Court."  District courts have the inherent power to control their

23   dockets and "[i]n the exercise of that power they may impose sanctions including, where

24   appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

25   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

26   failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

27   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

28   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

                                                     9

1    amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

2    (dismissal for failure to comply with court order).

3        In determining whether to dismiss an action, the Court must consider several factors:

4    (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

5    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

6    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

7    F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

8        **B.    Discussion**

9        Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

10   Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

11   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

12       The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

13   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

14   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

15   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

16   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

17   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

18   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

19   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

20       Finally, the Court's warning to a party that failure to obey the court's order will result in

21   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

22   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 4, 2024 screening

23   order expressly warned Plaintiff that his failure to file an amended complaint would result in a

24   recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

25   for failure to state a claim.  (ECF No. 8.)  Thus, Plaintiff had adequate warning that dismissal

26   could result from his noncompliance.

27       Additionally, at this stage in the proceedings there is little available to the Court that

28   would constitute a satisfactory lesser sanction while protecting the Court from further

unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2025**                    ___/s/ *Barbara A. McAuliffe*___
                                                              UNITED STATES MAGISTRATE JUDGE